IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DORIS McCOY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:09-CV-874-L** |
| § | |
| **CITIBANK, N.A.,** § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the court's Scheduling Order, filed July 8, 2009, the deadline for filing pretrial materials in this case was April 12, 2010. *Id.* ¶¶ 7, 8. Doris McCoy ("Plaintiff" or "McCoy") filed no pretrial materials; pretrial materials include the pretrial order, witness lists, exhibit lists, jury instructions, voir dire questions, and any other pretrial material that the court's Scheduling Order may have required the parties to file. Plaintiff has neither moved to extend the deadline to file pretrial materials, nor has she communicated with the court regarding this matter. Since no pretrial materials have been filed by Plaintiff, she has failed to comply with a court order and, apparently, no longer seeks to prosecute this action.

Plaintiff has filed no documents in this case since its removal from state court on May 11, 2009. Moreover, Citibank, N.A. ("Defendant" or "Citibank") informed the court that Plaintiff did not participate in the preparation, as required, of the pretrial order. The court further notes that Plaintiff did not participate in the preparation of the Status Report, which was filed on July 6, 2009, by Defendant, as ordered by the court in its Status Report Order of June 2, 2009.

The court believes that dismissal of Plaintiff's action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because she has not prosecuted this action or complied with the court's Scheduling Order. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure

**Memorandum Opinion and Order - Page 1**

to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. CO.*, 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)). The parties were specifically warned in the Scheduling Order that sanctions could be imposed for failure to comply with a court order. *See* Court's Scheduling Order ¶ 14. The court does not know the bases for Plaintiff's failure to prosecute this action or submit the required pretrial materials. In any event, finding no record of purposeful delay or contumacious conduct, the court determines that dismissal without prejudice of all claims by Plaintiff in this action is the appropriate sanction for her failure to comply with the court's Scheduling Order of July 8, 2009.

For the reasons stated herein, the court **dismisses without prejudice** all claims asserted by Plaintiff in this action.

**It is so ordered** this 15th day of April, 2010.

	Sam A. Lindsay
	United States District Judge