IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DORIS McCOY**, § | |
| § | |
| Plaintiff, § | |
| v. § | **Civil Action No. 3:09-CV-874-L** |
| § | |
| **CITIBANK, N.A.**, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Motion to Reinstate its Counterclaims; and (2) Defendant's Motion for Default Judgment on Defendant's Counterclaims, both filed June 17, 2010. After consideration of the motions, appendices, record, and applicable law, the court hereby **grants** Defendant's Motion to Reinstate its Counterclaims, and **grants** Defendant's Motion for Default Judgment on Defendant's Counterclaims.

**I.   Background**

Plaintiff Doris McCoy ("Plaintiff") originally filed this action in the 116th District Court of Dallas County, Texas, against Defendant Citibank (South Dakota), N.A. ("Defendant"). Defendant removed the action to this court on May 11, 2009, asserting that Plaintiff's claims arise under federal law: the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Plaintiff's complaint requested that the court, *inter alia*, order Defendant to "stop reporting incorrect credit information."

As part of its answer, Defendant brought counterclaims for breach of contract, account stated, common law debt, and a request for attorney's fees. Defendant alleges that Plaintiff entered into an agreement with Defendant for a credit account and that, to date, Plaintiff has failed to pay for extensions of credit on her account. Defendant states that the amount owed is $9,132.68.

**Memorandum Opinion and Order – Page 1**

This case was set for trial on the court's May 2010 docket, and the parties were directed to file all pretrial materials by April 12, 2010. Although Defendant timely filed its pretrial materials, Plaintiff never responded to the court's order. On April 15, 2010, the court dismissed all of Plaintiff's claims without prejudice for failure to comply with the court's order. The clerk of the court then mistakenly terminated this civil case, despite Defendant's pending counterclaims.

On June 17, 2010, Defendant requested the clerk of the court to make an entry of default with respect to its counterclaims. The clerk's entry of default was entered the next day. Defendant now requests the court to reinstate its counterclaims and enter default judgment against Plaintiff, allowing Defendant to recover the $9,132.68 allegedly owed by Plaintiff, in addition to all attorney's fees and costs incurred by this lawsuit.

**II.     Analysis**

    **A.     Defendant's Motion to Reinstate Counterclaims**

As noted above, the clerk of the court mistakenly terminated this case after the court dismissed Plaintiff's claims, despite Defendant's pending counterclaims. The court will therefore allow Defendant to reinstate its counterclaims, and will consider Defendant's motion for default judgment on those claims.

    **B.     Defendant's Motion for Default Judgment on its Counterclaims**

The court finds that because Plaintiff has neither filed an answer to Defendant's counterclaims nor otherwise defended in this lawsuit, and because Plaintiff is not an infant, an incompetent or in the military, Defendant is entitled to judgment against Plaintiff. The court therefore accepts as true the well-pleaded allegations stated by Defendant in its counterclaims, the

facts in Defendant's Motion for Default Judgment on Defendant's Counterclaims, and those set forth in the appendix accompanying that motion.

### 1. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Defendant asks the court to award $9,132.68 in damages, which is the principal balance outstanding and owed by Plaintiff for the extensions of credit on her account, as set forth in Defendant's counterclaims. The court determines that such damages are ascertainable from Defendant's pleadings, Defendant's motion, and the appendix attached to it. Accordingly, Defendant is entitled to $9,132.68.

### 2. Attorney's Fees

Although Defendant purportedly requests attorney's fees, it has not provided any evidence to the court demonstrating the amount of its attorney's fees or an entitlement to such fees. Accordingly, the court will make no award of attorney's fees at this time. If Defendant wishes to request attorney's fees, it must do so in compliance with Rule 54(d)(2) of the Federal Rules of Civil Procedure following the court's judgment.

## III. Conclusion

For the reasons stated, the court **grants** Defendant's Motion to Reinstate its Counterclaims, and **grants** Defendant's Motion for Default Judgment on Defendant's Counterclaims. The court hereby **orders** that default judgment be entered for Defendant in the amount of $9,132.68 plus

postjudgment interest thereon at the applicable federal rate. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 21st day of June, 2010.

                                                Sam A. Lindsay
                                                United States District Judge